RECEIVED
DEC 15 2015
CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WAYNE H. NORMAN,           Civil Action File No.

    Plaintiff,

vs.                        _____

ECPI UNIVERSITY,

    Defendant.

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, ECPI UNIVERSITY, states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of ECPI UNIVERSITY, (hereinafter, ECPI), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of ECPI, including but not limited to ECPI, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the ECPI.

1 |

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 et seq.[1]

3. EPCI, has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

4. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331, and 1391 because Plaintiff now resides in the State of Tennessee.

## PARTIES

5. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who *was* at all relevant times residing in the county of Cook, state of Illinois when the phone calls occurred.

6. ECPI UNIVERSITY, (hereinafter, "Defendant"), is a company with an address of 124 Floyd Smith Dr, Charlotte, NC 28262, and is a "person" as defined by 47 U.S.C. section 153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2 |

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). [3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

3 |

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment;   (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## A BRIEF OVERVIEW OF TEXT MESSAGING

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users

4 |

must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

16. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

17. Text messages are "calls" within the purview of the TCPA.

*See Satterfield v Simon & Schuster, Inc.*, 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

18. Beginning on or around May 13th, 2015, and within a span of several weeks, ECPI placed at least twenty-nine (29) calls/SMS text messages to Plaintiff's cellular telephone (682) 241-8688 from (682) 970-6763, and (757) 932-6290 by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice without Plaintiffs consent.

5 |

19. When Plaintiff answered several calls from the Defendant he would hear an automated message say, "Please hold for the next available representative" before the call would either disconnect, or Plaintiff would hear a phone ring.

20. On other occasions, Plaintiff received text messages from the Defendant without his expressed written consent stating; "Ready, Set, ENROLL Classes begin 6/15, Call me today to find out more on how to apply. Wendy/EPCI U 757-434-6374 [Text QUIT to quit]."

21.  Plaintiff has never provided his cellular phone number to Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.[4]

22. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

23. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

---

[4] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, (FCC Declaratory Ruling), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan 4, 2008).

24. Defendants telephone calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice" or placed by "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

25. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Due to similar solicitation calls, Plaintiff placed his cellular phone number on the National-Do-Not-Call list in May of 2014.

## QUESTIONS OF LAW

29. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Without prior express consent, and within a span of only two days, the Defendant contacted Plaintiff at least twenty-nine (29) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

32. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

33. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## PRAYER FOR RELIEF

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) An award of all fees and costs incurred by Plaintiff;

c) All other cost the Court sees justifiable under the law.

8 |

Respectfully submitted,

Wayne H. Norman
4357 Wanatah
Memphis, Tn. 38109
whnorman@hotmail.com